IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

———————————————

CASE NO.    16-17739

———————————————

Ryan Nicholl,

Appellant,

v.

Board of Regents of the
University System of Georgia,

Appellee.

**On Appeal From the United States District Court
For the Northern District of Georgia, Atlanta Division**

———————————————

1:16-CV-1350-AMT

———————————————

**Brief on Behalf of Appellee**

———————————————

Respectfully submitted,

PLEASE ADDRESS ALL          CHRISTOPHER M. CARR          112505
COMMUNICATIONS TO:          Attorney General

Brooke E. Heinz,             W. WRIGHT BANKS, JR.          036156
Assistant Attorney General   Deputy Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334       JULIE ADAMS JACOBS          003595
E-mail:  bheinz@law.ga.gov   Senior Assistant Attorney General
Phone:(404) 651-9457
Fax : (404) 657-3239         BROOKE E. HEINZ          927752
                             Assistant Attorney General

NO. 16-17739-GG

RYAN NICHOLL v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA.

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT

The undersigned attorneys for Appellee, Board of Regents of the University System of Georgia, hereby certify, pursuant to 11 Cir. R. 26.1-1, the following have an interest in the outcome of this case:

1.  W. Wright Banks, Jr., Deputy Attorney General, Attorney for Appellee;

2.  Board of Regents of the University System of Georgia, Appellee;

3.  Christopher M. Carr, Attorney General, Attorney for Appellee;

4.  Brooke E. Heinz, Asst. Attorney General, Attorney for Appellee;

5.  Julie Adams Jacobs, Senior Assistant Attorney General, Attorney for Appellee;

6.  Kennesaw State University; University System of Georgia Institution;

7.  Ryan Nicholl, Appellant;

8.  The Honorable Amy Totenberg, District Court Judge;

No publically traded company or corporation has an interest in the outcome of this appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee does not believe that oral argument is necessary for the Court's consideration of the legal issues involved in this case.

TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT .....................................................C1

STATEMENT REGARDING ORAL ARGUMENT .................................................i

TABLE OF CONTENTS......................................................................... ii

TABLE OF CITATIONS .........................................................................iv

STATEMENT REGARDING ADOPTION OF BRIEFS
OF OTHER PARTIES ......................................................................... viii

STATEMENT OF JURISDICTION.............................................................ix

STATEMENT OF THE ISSUES...................................................................1

STATEMENT OF THE CASE.......................................................................2

  I.      Course of Proceedings ...................................................................2

  II.     Statement of Facts.........................................................................3

  III.    Statement of the Standard of Review .........................................3

SUMMARY OF THE ARGUMENT ..............................................................4

ARGUMENT AND CITATION OF AUTHORITY.................................................5

    **A.**       **The Board of Regents of the University System of**
           **Georgia is Clearly Entitled to Eleventh Amendment immunity**......5

    **B.**       **The Board of Regents is Clearly an**
           **"Arm of the State"**.................................................................8

**C.**        **The Board of Regents is Entitled to Immunity
For Federal Anti-Trust Laws** ............................................................ 11

**D.**        **In the Alternative, Plaintiff Fails to State A Federal
Anti-Trust Claim Upon Which Relief Can Be Granted** ................. 14

**E.**        **Eleventh Amendment Immunity Bars Cases for
Damages When the Money is "Recovered" Rather
Than "Taken"**.......................................................................................15

**F.**        **In Rem Jurisdiction Would Not Save the
Complaint from Dismissal** ................................................................ 17

**G.**        **Eleventh Amendment Immunity Bars Appellant's Due
Process Claims** ..................................................................................... 18

**H.**        **Appellant Should Not Be Given Leave
To Amend** ............................................................................................ 19

CONCLUSION ................................................................................................ 20

CERTIFICATE OF COMPLIANCE ...................................................... (unnumbered)

CERTIFICATE OF SERVICE .............................................................. (unnumbered)

TABLE OF CITATIONS

**Cases**

Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324 (2004).....................17

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ...........................................14, 18

Barnes v. Zaccari, 669 F.3d 1295 (2012) .................................................8

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ........................................ 14-15

Brandenburg v. Bd. of Regents of the Univ. Sys. of Ga., 518 Fed.
Appx. 628, 631 (11th Cir. 2013)................................................................8

Chaparro v. Carnival Corp., 693 F.3d 1333 (11th Cir. 2012)...................................3

City of Columbia v. Omni Outdoor Advertising, Inc., 499 U.S. 365 (1991)....12, 13

CSX Transp., Inc. v. Gen. Mills, Inc., 846 F.3d 1333 (11th Cir. 2017)...................3

Ed. of Trs. of Uni v. of Ala. v. Garrett, 531 U. S. 356 (2001)................................6

Edwards v. Wallace Cmty. Coll., 49 F.3d 1517 (11th Cir. 1995) ............................8

Ex parte Young, 209 U.S. 123 (1908) .......................................4, 7, 8, 19

Fouche v. Jekyll Island-State Park Auth., 713 F.2d 1518 (1983)..................... 10-11

FTC v. Phoebe Putney Health Sys., 133 S. Ct. 1003 (2013)...................................13

Great N. Life Ins. Co. v. Read, 322 U.S. 47 (1944) .......................................6

Hans v. Louisiana, 134 U.S. 1 (1890)........................................................6

Harlow v. Fitzgerald, 457 U.S. 800 (1982) .........................................20

Keeler v. Fla. Dep't of Health, 324 Fed. Appx. 850, 854 n.1 (11th Cir. 2009) ........8

Ky. v. Graham, 473 U.S. 159 (1985)....................................................5, 7

Lincoln v. Board of Regents, 697 F.2d 928 (11th Cir.1983)..............8, 10

Manning v. Ellis, 2006 U.S. Dist. LEXIS 51426, at * 10
(M.D. Ga., July 27, 2006) ........................................................................6

McCafferty, et al. v. Medical College of Georgia, et al., 249 Ga. 62 (1982)...........9

McLain v. Real Estate Bd., 444 U.S. 232 (1980) ...................................15

Melton v. Abston, 841 F.3d 1207 (11th Cir. 2016) .................................5

Moor v. County of Alameda, 411 U.S. 693 (1973) ................................18

Nat'l Ass'n of Bds. of Pharm. v. Bd. of Regents, 633 F.3d 1297
(11th Cir. 2011)...................................................................................8, 10

Olvera v. Univ. Sys. of Georgia's Bd. of Regents, 298 Ga. 425 (2016)..................10

Parker v. Brown, 317 U.S. 341 (1943) ...................................................11

Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) .......5, 6

Pollard v. Board of Regents [of the University System] of Ga.,
260 Ga. 885 (1991) ................................................................................10

Puerto Rico Aqueduct v. Metcalf & Eddy, 506 U.S. 139, 146 (1993)....................8

Saenz v. University Interscholastic League, 487 F.2d 1026 (1973)......................12

San Remo Hotel, L.P. v. City & County of San Francisco,
545 U.S. 323 (2005)................................................................................16

Smith v. Reeves, 178 U.S. 436 (1900)......................................................6

Sossamon v. Texas, 563 U.S. 277 (2011) ............................................4, 7

Summit Medical Assocs., P.C. v. Pryor, 180 F.3d 1326 (11th Cir. 1999) ...............7

Tannenbaum v. United States, 148 F.3d 1262 (11th Cir. 1998)..............................4

Town of Hallie v. City of Eau Claire, 471 U.S. 34 (1985)...............................11, 13

United States v. 422 Casks of Wine, 26 U.S. 547 (1828)........................................17

Ward v. Board of County Comm'rs, 253 U.S. 17 (1920) ................................. 15-16

Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989)..................................18

**United States Constitution**

U.S. Const. amend. XI .............................................................................................6

**Georgia Constitution**

Ga. Const. Art. I, § II, ¶ IX (e) & (f)........................................................................7

Ga. Const. Art. VIII, § IV, ¶ I (b) ............................................................. 5, 9-10, 12

**Statutes**

O.C.G.A. § 20-3-20.................................................................................................5

O.C.G.A. § 20-3-29...............................................................................................10

O.C.G.A. § 20-3-31.................................................................................................9

O.C.G.A. § 20-3-35...............................................................................................10

O.C.G.A. § 20-3-36 ........................................................................................... 9-10

O.C.G.A. § 20-3-51..............................................................................................3, 9

**<u>Policy Manuals</u>**

Board of Regents Policy Manual § 7.3.2.2 ........................................................ 13-14

## STATEMENT REGARDING ADOPTION
## OF BRIEFS OF OTHER PARTIES

Appellee does not adopt by reference the briefs, or the parts of any briefs, of any other party.

## STATEMENT OF JURISDICTION

This Court has jurisdiction of this appeal pursuant to 28 U.S.C. § 1291.

<u>STATEMENT OF THE ISSUES</u>

Whether the District Court erred in granting Appellee's Motion to Dismiss on the basis of Eleventh Amendment immunity? If the District Court did not err in granting Appellee's Motion to Dismiss, did it err in denying Appellant's Motion to Vacate and Amend?

## STATEMENT OF THE CASE

### I. Course of Proceedings

On April 26, 2016, Appellant filed a Complaint against The Board of Regents of the University System of Georgia ("Board of Regents") in the Northern District of Georgia.  (Doc. 1).  On June 7, 2016, the Board of Regents filed a Motion to Dismiss, which was withdrawn and refiled on June 27, 2016 in response to Appellant's Amended Complaint that was filed on June 13, 2016. (Doc. 6, 9, 10).  On July 7, 2016, Appellant filed a reply to the Board of Regents' Motion to Dismiss. (Doc. 12).

The Board of Regents filed a motion to stay all discovery on August 2, 2016. (Doc. 14). The Parties filed a Joint Preliminary Report and Discovery plan on August 11, 2016. (Doc. 15). The District Court granted the Board of Regents' Motion to Stay all Discovery on August 17, 2016.

On November 30, 2016, the District Court entered an order granting the Board of Regents' Motion to Dismiss based on the State's Eleventh Amendment immunity. (Doc. 19). Appellant filed a Motion to Vacate the order on December 7, 2016. (Doc. 21). The District Court denied Appellant's Motion to Vacate in an Order entered on December 12, 2016. (Doc. 22). Appellant appealed the Order dismissing the case on December 27, 2016.

## II. Statement of Facts

Appellant is a pro se litigant enrolled as a student at Kennesaw State University, an institution of the University System of Georgia, which is governed, controlled and managed by the Board of Regents. O.C.G.A. § 20-3-51. (Doc. 8, p. 2). Appellant was charged for a mandatory meal plan for the Fall 2015 semester in the amount of $475.00 and for the Spring 2016 Semester in the amount of $160.00. (Doc. 8, p. 2). Contesting the charges, Appellant filed the Complaint in the Northern District of Georgia for breach of contract, violation of Due Process, violation of the Sherman Anti-Trust Act, and other nondescript claims. (Doc. 8).

## III. Statement of the Standard of Review

The District Court's legal conclusions are reviewed *de novo*. CSX Transp., Inc. v. Gen. Mills, Inc., 846 F.3d 1333 (11th Cir. 2017). Chaparro v. Carnival Corp., 693 F.3d 1333 (11th Cir. 2012).

## SUMMARY OF THE ARGUMENT

The District Court properly dismissed the Complain on the basis that

Appellant's claims are barred by the State's Eleventh Amendment immunity. The

Board of Regents also argued that the Complaint failed to state a claim upon which

relief can be granted. "Pro se pleadings are held to a less stringent standard than

pleadings drafted by attorneys and will, therefore, be liberally construed."

Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so,

Appellant's complaint was properly dismissed based on the Board of Regents

Eleventh Amendment immunity.

Immunity under the Eleventh Amendment bars suits against states by its

citizens unless that immunity is expressly waived by Congress pursuant to their

power under Section 5 of the Fourteenth Amendment. Waivers of immunity are

strictly construed in favor of the sovereign.  Sossamon v. Texas, 563 U.S. 277, 278

(2011).  "A State's consent to suit must be unequivocally expressed in the text of

the relevant statute." Id. (internal quotation omitted).

There is an exception to the bar of the Eleventh Amendment in cases where

a prospective injunction is sought challenging the constitutionality of the acts of a

state official.  Ex parte Young, 209 U.S. 123 (1908). Appellant has filed this action

4

against the Board of Regents, however, not an individual official of the state.

Therefore, this case is barred by Eleventh Amendment immunity.

<u>ARGUMENT AND CITATION OF AUTHORITY</u>

The District Court correctly granted the Board of Regents' Motion to

Dismiss on the basis that Appellant's case is barred by Eleventh Amendment

immunity.

**A.    The Board of Regents of the University System of Georgia is Clearly Entitled to Eleventh Amendment Immunity.**

The Board of Regents is a State Agency created pursuant to The Georgia

Constitution and by statute. Ga. Const. Art. VIII, § IV, ¶ I; O.C.G.A. § 20-3-20.

The Eleventh Amendment bars actions against a state, its agencies, and its

officials absent a waiver by the State or a valid congressional override, when the

State is the real party in interest or when any monetary recovery would be paid

from State funds. <u>Ky. v. Graham</u>, 473 U.S. 159, 169 (1985); <u>Pennhurst State Sch.

& Hosp. v. Halderman</u>, 465 U.S. 89, 100-01 (1984). Despite what Appellant

contends in his brief, sovereign immunity is a question of law and does not

require fact-finding. (Appellant's Brief, p. 18).  <u>Melton v. Abston</u>, 841 F.3d 1207

(11th Cir. 2016).

Specifically, the Eleventh Amendment to the United States Constitution

provides:

> The Judicial power to the United States shall not be
> construed to extend to any suit in law or equity,
> commenced or prosecuted against one of the United
> States by Citizens of another State, or by Citizens or
> Subjects of any Foreign state.

U.S. Const. amend. XI. The Eleventh Amendment bars suits against states by

citizens of other states as well as citizens of the state involved.  Hans v. Louisiana,

134 U.S. 1, 10 (1890).  The U.S. Supreme Court has held that" [t]he ultimate

guarantee of the Eleventh Amendment is that nonconsenting States may not be

sued by private individuals in federal court." Ed. of Trs. of Uni v. of Ala. v.

Garrett, 531 U. S. 356, 363 (2001); see also Pennhurst State Sch. & Hosp. v.

Halderman, 465 U.S. 89, 100 (1984) ("It is clear… that in the absence of consent a

suit in which the State or one of its agencies or departments is named as the

defendant is proscribed by the Eleventh Amendment…[T]his jurisdictional bar

applies regardless of the nature of the relief sought.").

A state's sovereign immunity has been preserved when a state entity is sued

in federal court and the state has not consented to be sued in federal court on those

claims.  See Smith v. Reeves, 178 U.S. 436, 445 (1900); Great N. Life Ins. Co. v.

Read, 322 U.S. 47 (1944); Manning v. Ellis, 2006 U.S. Dist. LEXIS 51426, at * 10

(M.D. Ga., July 27, 2006) (no waiver of sovereign immunity for state law tort

actions brought in federal court). Waivers of immunity are strictly construed in

6

favor of the sovereign. <u>Sossamon v. Texas</u>, 563 U.S. 277 (2011). "A State's consent to suit must be unequivocally expressed in the text of the relevant statute." <u>Id.</u> (internal quotation omitted). The Eleventh Amendment bars suit against a state, its agencies, and officials, absent a waiver by the state or a valid congressional override. <u>Graham</u>, 473 U.S. at 169. The State of Georgia specifically preserved its immunity in the Georgia Constitution, which provides that sovereign immunity can only be waived by an act of the General Assembly and only on the specific terms and conditions of the waiver, and further provides that "[n]o waiver of sovereign immunity shall be construed as a waiver of any immunity provided to the state or its . . . officers, or employees by the United States Constitution." Ga. Const. Art. I, § II, ¶ IX (e) & (f).

An exception to Eleventh Amendment immunity does exist under <u>Ex Parte Young</u>, 209 U.S. 123 (1908), which allows suits against individuals sued in their **official capacities** seeking prospective injunctive relief for current and ongoing violations of federal law. <u>Summit Medical Assocs., P.C. v. Pryor</u>, 180 F.3d 1326, 1336 (11th Cir. 1999)(emphasis added). The <u>Ex Parte Young</u> exception does not apply here. The exception applies only to suits against individuals sued in their official capacities because . . . a state official sued in his official capacity is a person for purposes of § 1983 when prospective relief, including injunctive relief,

7

is sought. Edwards v. Wallace Cmty. Coll., 49 F.3d 1517, 1524 n.9 (11th Cir. 1995); See Brandenburg v. Bd. of Regents of the Univ. Sys. of Ga., 518 Fed. Appx. 628, 631 (11th Cir. 2013). Importantly, Ex Parte Young does not permit prospective relief "against the States or their agencies." Puerto Rico Aqueduct v. Metcalf & Eddy, 506 U.S. 139, 146 (1993); Keeler v. Fla. Dep't of Health, 324 Fed. Appx. 850, 854 n.1 (11th Cir. 2009).

The Board of Regents' Eleventh Amendment immunity is well established. Nat'l Ass'n of Bds. of Pharm. v. Bd. of Regents, 633 F.3d 1297 (11th Cir. 2011); Lincoln v. Board of Regents, 697 F.2d 928 (11th Cir. 1983). This Court recently ruled that the Board of Regents' Eleventh Amendment immunity applied in actions *ex contractu* brought in federal court. Barnes v. Zaccari, 669 F.3d 1295 (2012). Therefore, the District Court properly dismissed all of Appellant breach of contract claims as being clearly barred by Eleventh Amendment immunity.

**B.    The Board of Regents is an "Arm of the State"**

For the first time on appeal, appeal contends that Kennesaw State University is not an arm of the State for purposes of Eleventh Amendment immunity. The law is clear, however, that Kennesaw State University is not a separate legal entity from the Board of Regents.

8

Kennesaw State University is only a single member institution of the university system and it is not a legal entity capable of bringing suit or being subject to being sued in its own right.  See McCafferty, et al. v. Medical College of Georgia, et al., 249 Ga. 62, 65 (1982) ("We agree with the defendants that the power to sue and be sued which originally resided in the Medical College has been taken from that College and vested in the Board of Regents...the trial court did not err in dismissing the Medical College as a defendant"). The Board of Regents has the constitutional and statutory authority to govern, control, and manage the University System of Georgia and all of the member institutions in its system, such as Kennesaw State University. Kennesaw State University has no authority to incur debt, to approve the initial appointment of faculty, or to purchase land.  O.C.G.A. §§ 20-3-31 and 20-3-51. The institutions in the University System of Georgia can be consolidated or even closed at the discretion of the Board of Regents. Ga. Const. Art. VIII, § IV, ¶ I (b); O.C.G.A. §§ 20-3-31 and 20-3-51. As Kennesaw State University is not a separate legal entity from the Board of Regents, the issue before this Court is whether the Board of Regents is entitled to Eleventh Amendment immunity.

The General Assembly of the State of Georgia has made it clear that the Board of Regents is an arm of the state entitled to sovereign immunity. O.C.G.A. §

20-3-36. Additionally, the Georgia Supreme Court has acknowledged that, "[i]t is settled that the Board is an agency of the State to which sovereign immunity applies." Olvera v. Univ. Sys. Of Georgia's Bd. Of Regents, 298 Ga. 425, 426 (2016). "The Board of Regents is the state agency vested with the governance, control, and management of the University System of Georgia. Ga. Const. Art. VIII, § IV, ¶ I (b). Therefore, … the board is an agency of the state to which sovereign immunity applies." Pollard v. Board of Regents [of the University System] of Ga., 260 Ga. 885 (1991). As discussed *supra*, this Court has consistently held that the Board of Regents is entitled to Eleventh Amendment immunity as it is clearly an arm of the state. Nat'l Ass'n of Bds. of Pharm. v. Bd. of Regents, 633 F.3d 1297 (2011); Lincoln v. Board of Regents, 697 F.2d 928 (1983). Additionally, the Board of Regents receives its funding from the General Assembly. O.C.G.A. § 20-3-29. The Board of Regents must also submit annual reports to the Governor. O.C.G.A. § 20-3-35. As such, the District Court correctly held that the Eleventh Amendment bars federal Jurisdiction over Appellant's claims against the Board of Regents.

The Supreme Court has created several exceptions to Eleventh Amendment immunity, including the "arm of the state doctrine," which distinguishes between political subdivisions and arms of the state. Fouche v. Jekyll Island-State Park

10

Auth., 713 F.2d 1518, 1520 (1983). Whether an entity is "an arm of the state

[which is] protected by the Eleventh Amendment turns on its function and

character as determined by state law. Factors that bear on this determination

include the definition of state and political subdivision, the state's degree of control

over the entity, and the fiscal autonomy of the entity." Fouche, at 1520. (internal

cites and quotations omitted).  As discussed above, however, it is clear that the

Board of Regents is entitled to sovereign immunity, was constitutionally created to

be an arm of the state, and receives its funding from the General Assembly. Thus,

the District Courts correctly granted the Motion to Dismiss on the basis of eleventh

amendment immunity.

### C.    The Board of Regents is Entitled to Immunity for Claims Brought Under Federal Anti-Trust Laws

States acting in their sovereign capacities are exempt from federal anti-trust

actions. Parker v. Brown, 317 U.S. 341 (1943). The doctrine has expanded to

immunize municipalities and other political subdivisions of a state when acting

pursuant to clearly articulated and affirmatively expressed state policy. Town of

Hallie v. City of Eau Claire, 471 U.S. 34 (1985). However, this "clear articulation"

standard does not require that the statute "explicitly permit" anticompetitive

effects, rather the standard is satisfied if it is shown that the "suppression of

11

competition is the 'foreseeable result' of what the state authorizes." <u>City of Columbia v. Omni Outdoor Advertising, Inc.</u>, 499 U.S. 365, 373 (1991).

In 1973, the Fifth Circuit held that the University Interscholastic League and its officials, as part of the Extension Division of the University of Texas, was entitled to state action immunity. <u>Saenz v. University Interscholastic League</u>, 487 F.2d 1026 (5th Cir. 1973). The Court reasoned:

> [T]he organization is somewhat hybrid in form in that it is in the nature of a "service" offered annually by the University's Bureau of Public School Service and has a nonpermanent, voluntary membership. Despite its unorthodox structure, however, the UIL clearly is imbued with ample characteristics to warrant the trial court's determination that the organization is an agency of the State of Texas.

<u>Id.</u>, at 1027-1028 (1973). Here, it is even clearer that the Board of Regents is a constitutionally created agency of the state itself and is an arm of the state. Unlike in <u>Saenz</u>, the Board of Regents is one cohesive agency that regulates the University System of Georgia. Additionally, the Board of Regents was acting in a regulatory capacity when implementing the mandatory meal plan. Ga. Const. Art. VIII, § IV, ¶ I (b). Thus, the Board of Regents is entitled to *ipso facto* sovereign immunity against a federal anti-trust claim.

Appellant cites to <u>FTC v. Phoebe Putney Health Sys.</u> for the proposition that Kennesaw State University is not entitled to state-action immunity. (Appellant's Brief, p. 14). <u>Phoebe Putney Health Sys.</u>, 133 S. Ct. 1003 (2013). As the Board of Regents is entitled to *ipso facto* sovereign immunity to federal anti-trust lawsuits, the reasoning set forth in <u>FTC v. Phoebe Putney Health Sys.</u>, which is the same reasoning <u>Town of Hallie</u> and <u>City of Columbia</u>, is not necessary.

Even if the Board of Regents were not entitled to *ipso facto* sovereign immunity, they were acting pursuant to clearly articulated and affirmatively expressed state policy when it implemented mandatory meal plans. The Board of Regents' policy manual shows that mandatory meal plans are contemplated.  § 7.3.2.2 of the Board of Regents Policy Manual states:

> Food service fees are defined as fees paid by students who elect to choose an institutional food service plan. **Food service fees assessed to all undergraduate students, all full-time undergraduate students, or any standard subgroup of students based on grade level or previous credit hours earned are not considered an elective fee and must be approved by the Board as a mandatory fee**. This includes food service fees due prior to registration that may be refunded later in the semester and food service fees for which the student receives a cash equivalent in the amount of the fee. All food service fees that support debt service shall be approved by the Board. Each institution shall notify the Chancellor annually of all institutionally-approved food service fees. (BoR Minutes, January 2010; February 2015).

13

(emphasis added). The Policy Manual clearly states that food service fees can be mandatory so long as approved by the Board. Id.  Whether the implementation was done correctly, or, as Appellant contends, incorrectly, is immaterial to whether the Board of Regents has immunity from a Federal Anti-trust claim as it would have no bearing on any supposed anticompetitive effect. Even assuming *arguendo* that there were any anticompetitive effects of the mandatory meal plan, they were foreseeable when the Board of Regents implemented the policy allowing for mandatory meal plans.

### D.    In the Alternative, Plaintiff Fails to State A Federal Anti-Trust Claim Upon Which Relief Can Be Granted

Even if this Court were to find the Board of Regents is not entitled to immunity for Appellant's Federal Anti-Trust claims, the Amended Complaint failed to state a claim for relief, and as such, was properly dismissed by the District Court. A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper if a complaint does not allege sufficient facts to give rise to a "plausible" suggestion of unlawful conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  This standard requires "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

14

While Rule 8(a)(2) of the Federal Rule of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the Supreme Court has concluded that there must be a plausible suggestion of unlawful conduct. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Like the instant case, Twombly presented an antitrust claim.

Federal anti-trust law exists to promote fair competition for the benefit of consumers. "[I]n a civil action under the Sherman Act, liability may be established by proof of either an unlawful purpose or an anticompetitive effect." McLain v. Real Estate Bd., 444 U.S. 232, 243 (1980). Appellant has alleged no facts to support his contention that the Board of Regents has violated anti-trust laws, particularly the Sherman Act. Just like in Twombly, nothing contained in the Amended Complaint invests either the action or inaction alleged with a plausible suggestion of unlawful purpose or an anti-competitive effect. Therefore, he fails to state a claim upon which relief can be granted.

### E.    Eleventh Amendment Immunity Bars Cases for Damages When the Money is "Recovered" Rather Than "Taken."

Appellant cites to Ward v. Board of County Comm'rs for his misguided proposition that damages for monies "recovered" are not barred by Eleventh Amendment immunity. (Appellant's Brief, p. 18). 253 U.S. 17 (1920). The defendant in Ward is a county board of commissioners, a clear political subdivision

15

of the state who is not entitled to Eleventh Amendment immunity, thus it was not discussed by the U.S. Supreme Court.

In <u>Ward</u>, a county levied property taxes on native lands that were not subject to taxation.  <u>Ward,</u> 253 U.S. 17 (1920). The Native Americans sued the county, but the county proceeded with levying taxes. The Court in <u>Ward</u> stated, "[a]s the payment [of taxes] was not voluntary, but made under compulsion, no statutory authority was essential to enable or require the county to refund the money." <u>Id.,</u> at 24. In the instant case, Appellant voluntarily enrolled in Kennesaw State University and, in doing so, agreed to pay its tuition and fees. Taxes were not levied against him and there were no coercive payments made to the State. Appellant fails to state what cause of action would be used to "recover" money. The causes of action that the Board of Regents can only assume would be implicated would all be state law claims and there would be no federal jurisdiction.

In arguing that the money paid to Kennesaw State University was not voluntary, Appellant appears to argue that there was a Taking pursuant to the taking clause. To the extent Appellant is attempting to bring a Takings Claim, it would not be ripe for review. It is well settled that a taking by the state is not ripe for consideration by a federal court until the plaintiff has exhausted their state remedies. <u>San Remo Hotel, L.P. v. City & County of San Francisco</u>, 545 U.S. 323

16

(2005). As Appellant has not prosecuted any takings claims in state court, his federal claim is not ripe for review and was properly dismissed. Additionally, in the instant case, there was no property taken for public use. Instead, Appellant was charged a fee for voluntarily enrolling in classes at Kennesaw State University. Thus, there was no taking without due process of law and no violation of the Fifth Amendment.

**F.    In Rem Jurisdiction Would Not Save the Complaint from Dismissal**

For the first time on appeal, Appellant argues that this case is an in rem action or, in the alternative, that he should be allowed to amended the Amended Complaint at this stage to be an action in rem. (Appellant's Brief, p 19, 21).  "This Court has "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.'" Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (2004). As the District Court was not given an opportunity to address Appellant's argument that this is an in rem action, Appellant's argument is waived and this  Court should decline to hear it.

In rem actions are actions against the property itself, and Appellant does not state a specific cause of action that he would bring to obtain in rem jurisdiction over the property. United States v. 422 Casks of Wine, 26 U.S. 547 (1828). In addition, subject matter jurisdiction over a hypothetical in rem claim is

17

questionable at best.  There could not be diversity jurisdiction because the state is not a person for the purposes of diversity jurisdiction. <u>Moor v. County of Alameda</u>, 411 U.S. 693, 717 (1973) ("There is no question that a State is not a "citizen" for purposes of the diversity jurisdiction."). Even if there were a federal question, the amount in controversy would be limited to the monies paid, and thus the amount in controversy here $635.00 is well below the $75,000.00 threshold requirement to bring an action in federal court. Even if Eleventh Amendment immunity did not bar whatever nondescript claim Appellant is attempting to bring to obtain in rem jurisdiction, the Court would not have subject matter jurisdiction.

### G.    Eleventh Amendment Immunity Bars Appellant's Due Process Claims

The District Court properly dismissed Appellant's Due Process Claims as being barred by Eleventh Amendment immunity. The federal law remedy to sue a state actor for violation of due process rights is 42 U.S.C. § 1983. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). Only individuals in their official capacities can be sued for prospective injunctive relief under § 1983 and damages cannot be awarded against an individual in his or her official capacity or against the state. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58 (1989). Here, Appellant has sued the Board of Regents, not an individual officer. As such, the District Court properly dismissed the Amended Complaint as barred by Eleventh Amendment Immunity.

Appellant contends that his due process claim is not a claim under 42 U.S.C. § 1983, but rather one under the Takings and Due Process clauses of the Fifth Amendment and implied to the state through the Fourteenth Amendment. (Appellant's Brief, 8). Without  42 U.S.C. § 1983, the State's Eleventh Amendment immunity would be an absolute bar to all private suits alleging constitutional claims. <u>Ex Parte Young</u>, 209 U.S. 123. Any constitutional claims which are not brought under 42 U.S.C. § 1983 are barred by Eleventh Amendment Immunity. <u>Id.</u>

### H.    Appellant Should Not Be Given Leave To Amend

Appellant argues that he should be given leave to amend his complaint. (Appellant's Brief, p 21). As the District Court stated in its Order on Appellant's motion to vacate and leave to amend, such an amendment would be futile. (Doc. No. 22, p. 2). Altering the parties named in the complaint, even by naming individual officials, would not alter the District Court's decision on eleventh amendment immunity. Even were this action to be amended to include officers in their official capacities and seek injunctive relief, as of September, 2016, the mandatory meal plans at Kennesaw State University have been discontinued effective Fall Semester 2017, rendering an injunction in this matter moot.

19

If the complaint were amended to include the officials in their individual capacities, they would be shielded by qualified immunity as the application of a mandatory meal plan is does "…not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Likewise, amending the complaint to be an action in rem would be futile because the Court would lack subject matter jurisdiction.

This case involves a student that is contesting a student fee he paid while voluntarily enrolled at Kennesaw State University in the University System of Georgia as a student. Appellant's claims, to the extent they could be heard, would be properly brought in state court. The District Court properly dismissed the complaint on the basis that the Board of Regents is entitled to Eleventh Amendment immunity. This Court should affirm.

<u>CONCLUSION</u>

WHEREFORE, for all of the above and foregoing reasons, the Board of Regents respectfully requests this Court to affirm the decision of the Northern District of Georgia.

Respectfully submitted,

CHRISTOPHER M. CARR      551540
Attorney General

20

W. WRIGHT BANKS, JR.   036156
Deputy Attorney General


 /s/ Julie Adams Jacobs
JULIE ADAMS JACOBS   003595
Senior Assistant Attorney General


 /s/ Brooke E. Heinz
BROOKE E. HEINZ   927752
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

BROOKE E. HEINZ
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone:  (404) 651-9457
Fax:  (404) 657-3239
E-mail:  bheinz@law.ga.gov

21

CERTIFICATE OF COMPLIANCE
WITH TYPE-VOLUME LIMITATION


Appellant certifies that the instant principal brief is typed in 14 point Times New Roman, and contains 4,388 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), as determined by the word-processing system used to prepare the brief.

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing

BRIEF ON BEHALF OF APPELLEE, prior to filing the same, by depositing a

copy thereof in the United States Mail, properly addressed upon:

> Ryan Patrick Nicholl
> 950 Hudson Rd. SE
> Apt 202
> Marietta, GA 30060

This 3rd day of March, 2017.

/s/ Brooke E. Heinz
BROOKE E. HEINZ
Assistant Attorney General