IN THE UNITED STATES COURT OF APPEALS



FOR THE 11TH CIRCUIT

No. 16-17739-GG

*Original*

D.C. Docket No. 1:16-cv-01350-AT

RYAN PATRICK NICHOLL,

Plaintiff - Appellant,

versus

BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA,

Defendant - Appellee,

---

Appeal from the United States District Court
for the Northern District of Georgia

---

Appellant's Petition for Rehearing En Banc
or Rehearing by the Panel in the Alternative

---

RYAN PATRICK NICHOLL
950 HUDSON RD SE APT 202
MARIETTA GA 30060
Telephone: (678)-358-7765
Plaintiff - Appellant, Pro Se

i

**Certificate of Interested Persons**

Comes now, Appellant Ryan Nicholl represented *pro se*, to declare pursuant to 11th Circuit Rule 26.1-1 that the following list:

- Board of Regents of the University System of Georgia

- Kennesaw State University

- Nicholl, Ryan

comprises a complete list of all legal persons, legal entities, corporations, political subdivisions, agencies, etc. of whom a financial interest is known by Appellant. Furthermore, Appellant certifies that while the list is the complete list of entities etc. known by Appellant to have a financial interest in this above styled action, the Appellant lacks the knowledge to determine if additional entities etc. may have an interest in this litigation because no discovery was conducted in the District Court with regard to the above styled action.

**Statement on Oral Argument**

The Appellant requests oral argument. This brief raises important questions of law and requests clarification of existing law, which should be answered with a published opinion after oral argument.

ii

## Contents

1 Table of Citations . . . . . . . . . . . . . . . . . . . . . . . . . . . .    v

2 Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

3 Summary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

4 Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

    4.1  Dismissal with prejudice of federal constitutional claims was wrong    2

    4.2  Panel failed to address argument that state-action immunity is a
        merits issue . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

    4.3  Panel erred in finding state-action immunity applied  . . . . . . . .    3

    4.4  Panel erred in concluding BoR was sovereign, this conclusion was
        not supported by cited cases . . . . . . . . . . . . . . . . . . . .    4

    4.5  Panel erred in determining takings claim was not ripe for review . .    8

        4.5.1  England & Zwicklerv . . . . . . . . . . . . . . . . . . . . .    8

        4.5.2  Bickerstaff was decided wrongly in light of Williamson  . . .    9

    4.6  Panel erred in concluding that sovereign immunity is a defense to a
        takings claim . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

    4.7  The Panel erred by finding that this suit needed to be Authorized by
        the 14th Amendment . . . . . . . . . . . . . . . . . . . . . . . .    11

    4.8  "Early Determination" does not require dismissal . . . . . . . . . .    12

    4.9  Amendment of Complaint . . . . . . . . . . . . . . . . . . . . . .    12

    4.10  State is not the real party at interest . . . . . . . . . . . . . . . .    13

    4.11  Court erred by ignoring motion to vacate . . . . . . . . . . . . .    13

4.12  Arguments pure questions of law . . . . . . . . . . . . . . . . .    14

5 Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

## 1. Table of Citations

- *Bickerstaff Clay Products Co., Inc. v. Harris County*, Ga., 89 F.3d 1481, 1491 (11th Cir. 1996)

- England v. Medical Examiners, 375 U.S. 411 (1964)

- Fed. Trade Comm'n v. Phoebe Putney Health Sys., Inc., 568 U.S. ___ (2013)

- First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, 482 U.S. 304 (1987)

- Harry v. Marchant, 237 F.3d 1315, 1317 (11th Cir. 2001)

- Hess v. Port Authority Trans-Hudson Corporation, 513 U.S. 30 (1994)

- Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613 (2002)

- Lewis v. Clarke, 581 US ___ (2017)

- Narey v. Dean, 32 F.3d 1521, 1526 (11th Cir. 1994)

- North Carolina State Bd. of Dental Examiners v. FTC, 574 U.S. ___ (2015)

- Parker v. Brown, 317 U.S. 341 (1943)

- Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993)

- Stroud v. McIntosh, 722 F.3d 1294, 1299 (11th Cir. 2013)

- Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1301-02 (11th Cir. 2007)

- *Williamson Cty. Planning v. Hamilton Bank*, 473 U.S. 172 (1985)

- Zwicklerv. Koota, 389 U.S. 241 (1967)

## 2. Introduction

Petitioner Plaintiff-Appellant Ryan Nicholl, *pro se*, hereby requests from this honorable Court that the court rehear this case en banc, or rehear the case by the panel in the alternative.

While Appellant understands the Courts have very crowded dockets, nonetheless Appellant is very concerned that this Court may be discriminating against *pro se* parties by giving their arguments less consideration than those written by lawyers. The reasoning of the opinions cited by the Panel does not support the conclusion reached by the Panel. Additionally, at least one opinion decided by this Court and used as a citation was clearly decided wrongly in light of Supreme Court precedent.

## 3. Summary

The Panel relied on non-binding *obiter dicta* when it made its decision, and ignored the binding precedents cited by Appellant. There are occasions where sovereign immunity can be inferred from the pleadings, but this is not one of them. The Supreme Court precedents the Appellant cited and the Panel ignored were illustrative of the correct binding *ratio decidendi* that the Panel should have followed. Even if the Panel reached the correct result, the Court's decision not to publish the decision was error, because the Court is obligated to clarify the legal issues if no case on point exists. The Panel also made other errors.

The Panel erred because it failed to distinguish between an exception to

sovereign immunity and a waiver of sovereign immunity. Sovereign immunity can only be waived in a limited set of circumstances, but Appellant argues that the BoR is not sovereign at all and thus cannot invoke sovereign immunity. The Panel failed to address appellant's argument that the BoR is not sovereign.

## 4. Arguments

### 4.1. Dismissal with prejudice of federal constitutional claims was wrong

Even if the District Court should have dismissed the constitutional claims for lack of jurisdiction, the District Court simply "dismissed" all federal claims without specifying the method of dismissal. The District Court's order gives the impression that the dismissal was with prejudice, since state law claims were "dismissed without prejudice". State courts also have the authority to hear most federal claims, including federal constitutional claims. So even if the case should have been dismissed, the District Court's order should be vacated and the District Court ordered to dismiss for lack of jurisdiction instead.

### 4.2. Panel failed to address argument that state-action immunity is a merits issue

The Panel failed to answer the Appellant's argument that state-action immunity is a merits issue rather than a jurisdictional issue. The question of whether a legal rule is a merits or jurisdictional issue is itself a jurisdictional issue that this Court is obligated to address. Even if sovereign immunity did bar the complaint, the District Court's determination that state-action immunity barred the complaint

2

was not one that it was permitted to make if state-action immunity is a merits issue, as Appellant argues it is.

## 4.3. Panel erred in finding state-action immunity applied

In an example of discrimination against *pro se* parties, the Panel completely ignored the binding U.S. Supreme Court precedent in *North Carolina State Bd. of Dental Examiners v. FTC*, 574 U.S. ___ (2015), which the Appellant cited numerous times, which compelled a different result with regard to the question of state-action immunity. This Court does a disservice to justice when it ignores recent Supreme Court precedents that compel a different result from the ones it likes.

As Appellant argued before, state action immunity from the antitrust acts is disfavored, and should not be assumed by default. The U.S. Supreme Court said "we recognize state-action immunity only when it is clear that the challenged anticompetitive conduct is undertaken pursuant to a regulatory scheme that is the State's own." (*Fed. Trade Comm'n v. Phoebe Putney Health Sys., Inc.*, 568 U.S. ___ (2013)). Because, as pleaded, the State did not authorize the acts leading to the claim what-so-ever, state-action immunity cannot apply. "The Board's argument that entities designated by the States as agencies are exempt from Midcal's second requirement cannot be reconciled with the Court's repeated conclusion that the need for supervision **turns not on the formal designation given by States to regulators but on the risk that active market participants will pursue private interests in restraining trade.**" [emphasis added] (*North Carolina State Bd. of*

3

*Dental Examiners v. FTC*, 574 U.S. ___ (2015)).

Nonetheless, Appellant maintains that if sovereign immunity applies, state-action immunity is a merits issue that this court should not address (except to vacate the District Court's finding that state-action immunity applied for lack of jurisdiction).

### 4.4. Panel erred in concluding BoR was sovereign, this conclusion was not supported by cited cases

> "Williams does not dispute that UGA and the Board of Regents are state entities for Eleventh Amendment purposes." (*Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301-02 (11th Cir. 2007))

Because the sovereignty of the BoR was not subject to dispute in Williams, the 11th Circuit lacked jurisdiction to decide that the BoR was sovereign in that case, therefore such comments suggesting they were sovereign were *obiter dicta*.

The Supreme Court did **NOT** decide in *Lapides* that the board was sovereign, its ruling was far narrower:

> "The question before us is whether the State's act of removing a lawsuit from state court to federal court waives this immunity. We hold that it does." (*Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613 (2002))

The U.S. Supreme Court's jurisdiction is limited the controversy before it. (U.S. Constitution, Article III) Because in that case, the underlying sovereignty of the

4

Board was not disputed or part of the controversy between the parties, the Supreme Court's ruling does not establish precedent in that regard. A comment that the Board of Regents was sovereign thus was *obiter dicta.*

The Panel cited *Stroud* in its decision, but *Stroud* made no holding that the Board of Regents was entitled to sovereign immunity:

> "We address **only** her contentions that the Board waives its immunity from suit and its immunity from liability under the ADEA when it removed the case.
>
> [...]
>
> There is **no dispute** that the Board is an arm of the state for the purposes of asserting sovereign immunity." [emphasis added] (*Stroud v. McIntosh*, 722 F.3d 1294, 1299 (11th Cir. 2013))

Again in *Stroud*, it was not disputed that the Board was sovereign. This case is different, because the Appellant contests the underlying sovereignty of the BoR.

This Panel wrongly applied *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993). This case's reasoning only establishes that an entity claiming sovereign immunity is entitled to an interlocutory appeal after the denial of sovereign immunity, it does not establish that an entity claiming sovereign immunity is entitled to win that appeal simply by claiming to be sovereign. For example, in that case the Supreme Court stated that "In any event, it does not appear to us that the determination of PRASA's status under the Eleventh Amendment implicates any extraordinary factual difficulty and the issue of its

5

entitlement to immunity can be fully explored in the Court of Appeals on remand." (*Id*). The Supreme Court even remanded the case for further consideration of whether the entity in that case was sovereign. In this case factual circumstances give doubt as to the actual sovereign immunity of the BoR.

The Panel, mistakenly thinking that the issue was settled, ignored various arguments that the BoR was not sovereign:

> "The Port Authority, however, is financially self-sufficient: it generates its own revenues and pays its own debts. Where, as here, the States are neither legally nor practically obligated to pay the entity's debts, the Eleventh Amendment's core concern is not implicated."
>
> (*Hess v. Port Authority Trans-Hudson Corporation*, 513 U.S. 30 (1994))

As Appellant argued in the original briefs, the Board of Regents is an agency of the state *in name only*, but actually functions more like a county or collection of counties in reality. As Appellant argued both in the District Court and to this Court, the Board of Regents has financial independence from the State itself. The fact that the BoR has financial independence from the State is critical to the inquiry into whether or not the Board of Regents shares in the State's sovereignty. (*Hess v. Port Authority*) Upon a motion to dismiss, "The court accepts all allegations of the complaint as true and construes the facts in the light most favorable to the non-movant." (*Harry v. Marchant*, 237 F.3d 1315, 1317 (11th Cir. 2001))

Appellant thinks that because the BoR really operates in practice independently from the State and further that Kennesaw State University operates

6

in practice as separate from the BoR, that they are distinct enough that sovereign immunity does not apply. It is disfavored for sovereignty to be shared with entities other than the sovereign itself:

> "That an employee was acting within the scope of his employment at the time the tort was committed is not, on its own, sufficient to bar a suit against that employee on the basis of tribal sovereign immunity. We hold further that an indemnification provision does not extend a tribe's sovereign immunity where it otherwise would not reach."
> (*Lewis v. Clarke*, 581 US ___ (2017))

Assuming that state sovereign immunity operates under the same principles (which Appellant argues it does), there is little reason to extend sovereign immunity to acts committed by Kennesaw State University, as the BoR's policy to make Kennesaw State University part of the same legal entity is little more than an indemnification agreement by another name. In practice, the university operates sufficiently separately from the BoR that the only purpose of not having a distinct legal entity for Kennesaw State University is to extend immunity to it. Sovereign Immunity cannot be extended in this way.

Even if the BoR could normally be sovereign, because it acted unconstitutionally, it cannot invoke sovereign immunity. Sovereignty is not unlimited and only applies to certain claims:

> "The governments of the states are sovereign within their territory **save only as they are subject to the prohibitions of the**

7

Constitution or as their action in some measure conflicts with powers delegated to the National Government, or with Congressional legislation enacted in the exercise of those powers." (*Parker v. Brown*, 317 U.S. 341 (1943))

### 4.5. Panel erred in determining takings claim was not ripe for review

### 4.5.1   England & Zwicklerv

As the Appellant argued in his briefs and both the District Court and this Panel ignored, the takings claim cannot be dismissed:

> "Abstention is a judge-fashioned vehicle for according appropriate deference to the respective competence of the state and federal court systems.  Its recognition of the role of state courts as the final expositors of state law **implies no disregard for the primacy of the federal judiciary in deciding questions of federal law.**" [emphasis added, internal quotation marks and citations omitted] (*England v. Medical Examiners*, 375 U.S. 411 (1964)).

And:

> "In thus expanding federal judicial power.  Congress imposed the duty upon all levels of the federal judiciary to give due respect to a suitor's choice of a federal forum for the hearing and decision of his federal constitutional claims.  Plainly, **escape from that duty is not permissible merely because state courts also have the**

8

**solemn responsibility, equally with the federal courts, [...] to guard, enforce, and protect every right granted or secured by the Constitution of the United States[.]**" [emphasis added, internal quotations and citations omitted] (*Zwicklerv. Koota*, 389 U.S. 241 (1967))

This Court is disregarding its duty by dismissing the complaint, when the Federal Courts have the responsibility to hear the complaint. Questions of ambiguous State law can be sent to State Courts, but this case involves questions of antitrust law, which is an unquestionably federal question.

### 4.5.2   Bickerstaff was decided wrongly in light of Williamson

Though this Court does suggest that the complaint is barred by *Bickerstaff Clay Products Co., Inc. v. Harris County*, Ga., 89 F.3d 1481, 1491 (11th Cir. 1996), but that case itself was wrongly decided. The case itself relies upon *Williamson*, but *Williamson* establishes that an administrative action must be final for the decision to be reviewable, it does not suggest that there must be some consideration of the possibility for judicial determination of the issues. In fact, Williamson clearly **rejects** the notion that state judicial review is required before commencing a takings claim:

> "The difference is best illustrated by comparing the procedure for seeking a variance with the procedures that, under Patsy, respondent would not be required to exhaust. While it appears that the State

9

provides procedures by which an aggrieved property owner may seek a declaratory judgment regarding the validity of zoning and planning actions taken by county authorities, [...], respondent would not be required to resort to those procedures before bringing its [...] action, because those procedures clearly are remedial." (*Williamson Cty. Planning v. Hamilton Bank*, 473 U.S. 172 (1985))

This Court ought to rehear this case *en banc* and overrule *Bickerstaff* as incompatible with *Williamson v. Hamilton Bank*. Appellant is not required to pursue "remedial" procedures under state law, and the administrative procedures do not provide an option to opt-out of the meal plans for legal reasons (see original complaint for evidence this fact was pleaded). Because there is no adequate administrative procedure to opt-out for legal reasons, Appellant is not required to pursue remedial provisions in state courts.

## 4.6. Panel erred in concluding that sovereign immunity is a defense to a takings claim

The Panel erred in concluding that sovereign immunity could operate to bar the present complaint. The U.S. Supreme Court has recognized the Due Process Clause as a limited exception to sovereign immunity. *Ward* establishes a broader principle than the simple context of its case: Where no *pre-deprivation* due process is available, the Due Process Clause mandates *post-deprivation* due process even if the money is obtained by the State.

The Due Process Clause, being on equal or superior footing to the 11th

10

Amendment, creates a limited exception to sovereign immunity in a takings case. Although in *Ward*, property was under threat of sale, a threat of being removed from all classes is highly coercive towards students, and therefore the same logic should apply.

The Panel erroneously stated:

> "Nicholl's only other contention is that he could recover the money
> under Ward." (opinion)

But Appellant argued that the constitution, specifically the Due Process Clause, provides a cause of action. Which was supported by *First English Church*.

## 4.7. The Panel erred by finding that this suit needed to be Authorized by the 14th Amendment

The 14th Amendment contains enforcement procedures that describe the method by which the 14th Amendment may be enforced, but the Due Process clause is self-enforcing. The Due Process Clause takes the form of an absolute command rather than a restriction on the behavior of congress, when cited, it provides a cause of action that does not need to be authorized by statute:

> "The cases cited in the text, we think, refute the argument of the
> United States that "the Constitution does not, of its own force, furnish
> a basis for a court to award money damages against the government."
> Though arising in various factual and jurisdictional settings, these
> cases make clear that it is the Constitution that dictates the remedy

11

for interference with property rights amounting to a taking." (*First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304 (1987))

The unique nature of the Due Process clause is self-enforcing and has always applied to the states prior even to the adoption of the 14th Amendment. The 14th Amendment provides a limited enforcement procedure for the Equal Protection Clause, but the Due Process Clause itself was **already** binding against the states **before** the 14th Amendment was even ratified and thus does not need to be enforced via the 14th Amendment.

### 4.8. "Early Determination" does not require dismissal

It is true that courts should determine whether sovereign immunity applies at an early stage, but there is no support in the cited cases to suggest that this expands the circumstances in that a case can be dismissed. Appellant thinks that where sovereign immunity is at issue, the Court could use a bifurcated trial procedure, first reviewing the necessary evidence and then determining if sovereign immunity applies, before a second trial to determine the actual liability if sovereign immunity does not apply.

### 4.9. Amendment of Complaint

Petitioner agrees with the Panel that the petitioner's motion for leave to amend did not contain a new proposed amended complaint, but the petitioner was not aware of a requirement to file a proposed amended complaint with the motion for leave

12

to file an amended complaint. Petitioner is *pro se* and petitioner was unaware of this requirement. Indeed, after reviewing the Rules of Civil Procedure again, the petitioner was not able to find this requirement listed explicitly anywhere in the Rules of Civil Procedure, nor in the local rules for the District Court. Appellant thinks that allowing the Appellant's complaint to be dismissed as a result of a mistake that resulted from unclear rules of civil procedure would be manifest injustice and discrimination against *pro se* parties. The rules were unclear to the Appellant because the Appellant thought that since leave was required to file a second amended complaint that the Appellant shouldn't file the proposed second amended complaint with the motion. Appellant should be allowed to file a second motion for leave to amend with the district Court, where such motion contains the proposed amended complaint as an attachment.

### 4.10. State is not the real party at interest

The Panel erred if it concluded that the state was the real party at interest.

Even if we accept the conclusion that sovereign immunity bars monetary recovery from a state, this has bar never been applied to political subdivisions such as counties. (*Ward*) Since recovery would be had from Kennesaw State University, no recovery from the State treasury would occur.

### 4.11. Court erred by ignoring motion to vacate

The Panel wrongly stated:

"[...] Nicholl only argues that denial of his request for leave to

13

amend was error, the denial of the motion to vacate is not addressed."
(opinion)

But Appellant asked in the appeal:

"1. Did the District Court error by not fully explaining its ruling?"
(Appellant's Principal Brief)

This is the same grounds as the motion to vacate, and the question is simple enough that it does not require additional argument that is not made in other sections.

## 4.12. Arguments pure questions of law

If any of the issues were not sufficiently raised below, they would fall under waiver exceptions:

"(1) the issue involves a pure question of law, and refusal to consider it would result in a miscarriage of justice;
[...]
(5) the issue presents significant questions of general impact or of great public concern." (opinion, citing *Narey v. Dean*, 32 F.3d 1521, 1526 (11th Cir. 1994))

The resolution of a motion to dismiss is always a pure question of law.

## 5. Conclusion

Appellant requests that this Court rehear the case *en banc*, or rehear the case by the Panel in the alternative, to vacate the District Court's order, and remand the

14

case to the District Court for a new opinion consistent with these arguments.

Respectfully submitted,

*Ryan P. Nicholl*                2017-8-25

Ryan Patrick Nicholl                Date
950 Hudson Rd SE
APT 202
Marietta GA, 30060
(678) 358-7765
*Plaintiff, pro se*

15

IN THE UNITED STATES COURT OF APPEALS

FOR THE 11TH CIRCUIT

———————————

No. 16-17739-GG

———————————

D.C. Docket No. 1:16-cv-01350-AT

RYAN NICHOLL,

Plaintiff - Appellant,

versus

BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA,

Defendant - Appellee,

———————————

Appeal from the United States District Court
for the Northern District of Georgia

———————————

Certification of Service and Formatting

———————————

Upon filing this document I certify that I have served the Board of Regents of the University System of Georgia with "Appellant's Petition for Rehearing En Banc or Rehearing by the Panel in the Alternative" and this "Certification of Service" by mailing copies of all aforementioned documents with the United States Postal Service to Defendant's registered counsel, addressed as:

Brooke E. Heinz
40 Capitol Square
S.W. Atlanta, Georgia 30334-1300

1

with proper postage attached; and that such service was completed on the date of signature.

Furthermore, I certify that the portions of the document known to be included in the length limit total 3200 words according to LibreOffice Writer.

Respectfully submitted,

_Ryan P. Nicholl_                   2017-8-25
Signature                              Date

RYAN PATRICK NICHOLL
950 HUDSON RD SE APT 202
MARIETTA GA 30060
Telephone: (678)-358-7765

Plaintiff - Appellant, Pro Se

2